Good morning, everyone. We have two argued cases on the calendar this morning. And I see counsel's present in the first case. The second case is Perez-Dixon v. Bridgeport Board of Education. Counsel present in that case? And I believe the appellate's lawyer has not appeared yet, so we'll see if she arrives while the first case is being argued. We also have a case that's on submission, RISV v. Erdstadt Biddle Properties, Incorporated, and we'll take that case on submission. I believe that we are ready to proceed, so we'll proceed with our first argument. Bar-David Thank you, and good morning, Your Honors. My name is Joshua Bar-David. On behalf of Petitioner Mr. Hossain, we are not asking this Court to declare that Mr. Hossain was rendered ineffective assistance of counsel by his since disbarred attorney. We're also not asking this Court to determine that Mr. Hossain was incompetent at the time of his proceeding. The relief that we're seeking before this Court is relatively straightforward and modest. What we are asking for is a remand back to the agency for proper fact-finding in the first instance pursuant to 8 CFR 103 as well as matter of MAM. The fact-finder by the Board's well-established precedent is the immigration judge. The fact-finding with respect to both of the issues, ineffective assistance of counsel as well as Mr. Hossain's competency, has not been properly done. And that is all we are seeking before this Court. With respect to the ineffective assistance of counsel claim, the Board's decision makes absolutely no mention of his ineffective assistance of counsel claim. Now, was this clearly presented to the Board as a separate,  Yes, Your Honor. There was a motion to reopen based upon the fact that prior counsel did not inform Mr. Hossain of his, the initial Board's decision, thereby rendering his ability to appeal to this Court. Then once the Board reopened the matter, a second ineffective assistance of counsel claim was made by Mr. Hossain through new counsel asserting that the asylum application that was prepared by prior counsel was not properly read back to him, was not explained to him. This undoubtedly is intertwined with the second argument that was raised, which was his competency, given the fact that Mr. Hossain was diagnosed with schizophrenia and dementia two months after his initial hearing before the immigration judge. Can I ask you, following up on Judge Livingston's question, and I was looking at that second motion of remand, and although there is mention of ineffective assistance, it's sort of mushed in and sort of in some places buried, it seems, under the competency discussion. And in particular, I'm just looking at the last page of that, which is the conclusion of that motion reopened. And it says, for these reasons the Board is urged to grant this motion and remand for further proceedings to afford the respondent his right to have issues of competency considered. It does not say to afford the respondent the right to develop an ineffective assistance claim. So the ineffective assistance was sort of adverted to in the introduction. There was mention of it very briefly in the statement of the case, but always sort of in terms of trying to explain why the petitioner couldn't fully understand what was going on. I mean, how can we blame the BIA for not raising it or addressing it as a standalone issue when in the conclusion, which is sort of where you look for, it's like, what is the thing that you want? What is the relief that you want? It wasn't mentioned. Certainly, Your Honor, it was intertwined within the briefing that was submitted to the Board of Immigration Appeals, but it was certainly raised. And respectfully, Your Honor, it is not a requirement that the ineffective assistance of counsel claim be mentioned in the conclusion, although admittedly, prior counsel should have mentioned it in the conclusion, that doesn't absolve the Board of its obligation to consider the record as a whole, which is a statutory, regulatory, and precedent requirement. And so because this was raised, in fact, all requirements of matter of lazada outlined by the Board were met and were raised before the Board. The Board should have addressed it in some way, or if the Board wanted to indicate that because it wasn't included in the conclusion or wasn't a separate argument section in the briefing that was not sufficient to raise it, then the Board should have done so. And if that is a question that remains open, whether or not that is a requirement for it to be a separate entire section in a briefing, then remand would be appropriate for the Board to rule on that in the first instance, rather than for, to presume whether or not, in fact, the Board deemed that insufficiently raised, rather than ignoring it. Roberts. So you're suggesting that it might be appropriate, that in theory, a remand could be appropriate to allow the BIA itself to determine whether it was the ineffective assistance claim was adequately preserved? Yes, Your Honor. Absolutely. Because the Board didn't make a ruling on that issue. That was not the basis of the Board's decision. As this Court said in Paradosova, which we said in our brief, that it's not for this Court to speculate as to the Board's reasoning. The Board needs to provide explicit reasoning for reaching determination. And since the Board is silent on the ineffective assistance of counsel claim, this Court shouldn't presume that the Board deemed it insufficiently raised, and at the very least, it should be remanded for consideration of that issue. I'm not sure I quite follow that. If we were remanded and the Board said it wasn't adequately preserved, you'd be on appeal to us saying that that was contrary to the record. So I'm not sure if this is a matter that can be decided on the present record, why we would remand it to the Board only to have you argue to us that only one conclusion was possible. Well, certainly it is. Sotomayor, I understood your initial argument that the Board would decide in the first instance if what happened was ineffective assistance, but I'm not following your argument about remand to decide if it was adequately preserved. Help me out. Yes, Your Honor. So first, it is our position that it was adequately preserved. As a matter of law, as in you want this Court to decide that? Because I thought from what you said to Judge Nardini that you were urging remand on that question. No, Your Honor. I guess it's a two-layered argument. That's why I want you to help me out. Absolutely, Your Honor. It is our position that it was adequately preserved. It was raised. The requirements of matter lisada were met. That was not a basis for the Board denying the motion to remand that was submitted to the Board. And it remains our position that it was adequately preserved. However, if the Court does feel like there is a question of whether or not it was adequately preserved, then it would be appropriate to remand to the Board to make the determination in the first instance, because that was not the basis of the Board's decision. The Board did not reach the conclusion that it was inadequately preserved. And so my position is that even though we do think it was preserved, if the Court is unsure whether it was preserved, then that determination needs to be made by the agency in the first instance. Even though that's a determination that presumably could be made on the record as a legal determination, but we should ask, since the Board didn't give us its reasoning on that ground, we should ask the Board for its reasoning? Correct, Your Honor. Again, if the Court has questions. If we have questions. But I think the record is clear, and we maintain that as clear as we argued in our briefs, that it was adequately preserved by prior counsel. Could you outline for me the contours of the ineffective assistance claim that you believe was adequately preserved? Because, I mean, it can't be that just by saying the words ineffective assistance anything that your lawyer did wrong that you think of. Let's say hypothetically we remanded it. It can't be that, you know, I don't know, something else that wasn't mentioned, you know, he hit his client over the head or something that wasn't mentioned. So it's fuzzy to me what was raised before the Board. Could you outline to us just very succinctly what you argue are the contours of the properly preserved ineffective assistance claim? Yes, Your Honor. That would be that the, as Mr. Hossain states in his statement that was accompanying the matter of Lozada claim, that his attorney, since disbarred attorney, failed to meet with him to adequately review his statement. His statement is contained on pages 468 to 470 of the record. It's entirely in English. He states that he met with an unknown individual who was not an attorney who briefly read back his statement to him, and he was not. That's in Bengali. He says that the person spoke. That was his testimony before the IJ. Yes, that the person spoke Bengali, that it was briefly read back to him, but he wasn't aware of the entire contents of it, and that in the entire time he was represented by Mr. Zweig that Mr. Zweig met with him for less than 45 minutes. So when you're talking about a statement that is, I believe it's 33 paragraphs long, entirely in English, for a hearing that took about two hours based upon a transcript that he met with his attorney for less than 45 minutes and was not prepared. He further states that he was not, that his attorney did not review the evidence that was submitted, so he was unaware of the second inconsistency cited by the of the BNP, the Bengali non-national party. Bless your honor. Roberts. Help me with that last bit, because we're in the record, and I'm sure it's just escaping me, that last allegation is contained in Mr. Hussain's submissions to the BIA. That's in the, I don't have the page cite. I can provide it on my time for rebuttal. I can get that for the Court. But he does provide that in his statement. Doesn't your claim go further than that? As I understood it from page 34 of your brief, and now I'm looking at the, almost at the bottom quarter of it. You assert that Mr. Hussain had earlier told counsel his entire story and counsel read his credible fear interview, which recounted the January 2009 attack. It seemed to me that was critical to your claim, because whether counsel read the affidavit carefully or not carefully, unless he knew about the earlier January 2009 report in the credible fear interview, he would have no reason to recognize that there was a discrepancy. It's those two assertions together that I thought made up your claim. And you're saying both of those facts were known to the, were submitted to the agency? Yes, Your Honor. And it's important to note that the immigration judge specifically said that she was not relying on the discrepancy or the omission from the credible fear interview. They were not. But you're saying that if counsel had adequately reviewed the affidavit, he would have realized there was this discrepancy and corrected the affidavit in other respects? Absolutely, Your Honor. That's definitely. I just want to make sure I understand what the claim is. Yes, Your Honor. That's absolutely correct. I am out of time. I just want to note very briefly that, again, this is also the ineffective assistance of counsel claim is tied into his mental competency issues. Had counsel properly met with his client, these issues may have come to light earlier. And I will reserve the remaining time for rebuttal. Thank you, judges. Good morning, Your Honors, and may it please the Court. Christopher Bates for the Respondent. William Barr. I'll start with the ineffective assistance issue, which Petitioner's argument time focused on. Petitioner has attempted to recast. His remanded motion is making a separate ineffective assistance claim. As Judge Nardini noted in the prayer for relief at the conclusion of his motion, the Petitioner does not make that clear. In fact, he mentions only his request for a remand for further proceedings for the Respondent a right to have his competency considered. And elsewhere in the motion to remand, Petitioner states things such as must be determined what level of competence was maintained by Mr. Hossain. And, in fact, when you look at cases that are cited in Mr. Hossain's motion under the authorities and EOR guidance section, those cases and that EOR guidance is all about competency. I mean, that said, I mean, I did point out it wasn't in the conclusion, but he does, if you read this, and it's not that long. It's only, what, 13 pages, the motion to reopen. And this is the second motion to reopen I'm talking about. I mean, he does talk about the composition of the asylum application being flawed, and he said, this is on the very first page, it says that his errors, meaning Mr. Zweig's errors, led to the IJ's perception of inconsistency between the testimony heard in the individual hearing and the written I-589 statement of the Respondent. Now, he does not use the words of ineffective assistance claims. He doesn't talk about, you know, performance prong, and he doesn't talk about prejudice. But it seems like in those two sentences, he gives us what can only be construed as an argument, very concisely, that he was incompetent because the composition of the asylum application was flawed and the prejudice. He says his errors led to the IJ's perception of inconsistency. These errors, the lawyer's sloppiness, caused the adverse credibility determination, which, I mean, everybody knows. That's the whole ball of wax in these games, right? So, Petitioner, does there identify what he alleges are certain deficiencies in his counsel's performance here? In ways that's totally unrelated to his alleged incompetency, right? I mean, you know, in terms of that, I don't mean to interrupt your response to Judge Nardini's question, but at some point address that, too. Well, so our position, Your Honors, as we explain in our brief, is that the two issues are, in fact, intertwined. That what Mr. Hossain argued in the motion was that his lack of competency prevented him from noticing the omissions in his statement. And this was a statement that Mr. Hossain, in fact, provided to his counsel. Now, it appears from the record that Mr. Hossain had a friend prepare the statement for him, but Mr. Hossain's, you know, argument here is that his counsel's fast reading of a statement that Mr. Hossain himself provided to his counsel prevented him from recognizing the omissions that were in that statement that he provided to his counsel. And he says that the reason that he failed to notice those omissions was his lack of competency. So our position is that to the extent that Mr. Hossain has identified what he alleges are deficiencies in his counsel's performance, that that is fundamentally intertwined with his competency claim, and that in terms of what the Board did here, that the ineffective assistance claim was not clearly presented to the Board here in that. Sotomayor. Let me ask this. If we agree that there's no reason to have or there's no error in failing to conduct a competency hearing, does that mean that he got effective assistance of counsel? It seemed to me that that, that the two didn't necessarily link in that way. So assume the plaintiff is, the Petitioner is competent, it would, does he not have an ineffective, a colorable ineffective assistance claim based on what he alleged? So if Petitioner was, in fact, competent, then, again, what he is arguing here is that he, the Petitioner, didn't recognize that there were omissions in his statement that he provided to his counsel. And so in terms of, you know, what the prejudice would be there, I mean, again, he would be arguing that he didn't notice that what he gave his counsel was, was inaccurate or incomplete. Counsel might, counsel's own allegedly ineffective review would satisfy the first prong of Strickland. But you would be saying that the Petitioner wasn't prejudiced because he was competent and could and should have recognized the discrepancy himself? So if. I just want to make sure I understand what your argument is on the ineffectiveness. So, so if, if one assumes or takes as a given that, that counsel's performance here was deficient and we, you know, so we don't flesh this out in detail in our brief, but we do have a footnote where we, where we talk about this. So if one assumes that counsel's performance was deficient and the basis for that would be saying that his review of the statement was too, too fast, in essence, then. That he didn't identify the discrepancy and get his client to clear it up before the papers were submitted. Isn't that the thrust of the argument? So, so Your Honor, I believe that goes back to the, the question that, that you asked my colleague about the credible fear interview and whether counsel had, had reviewed the credible fear interview. So I, I went back and was just looking at the record. So it's page 176 where the Petitioner submitted his statement with regard to the counsel's performance. And he says there, also Richard did not notice any problems with the interview I gave earlier and if it was different. So I'm not, I guess it's not, it's not necessarily clear from there that, that Petitioner is saying that the, that his counsel did review the credible fear interview with him as well. But going back to your question, Your Honor, again, what the argument would be if Mr. Hossain was competent and if one assumes that his counsel's performance here was deficient, then again, the prejudice would have to be that Mr., Mr. Hossain did not notice the errors in his statement when his counsel reviewed them with him because he reviewed it too, too quickly. But isn't the whole point that there would have been no discrepancy to begin with? If his lawyer had been competent, it was pretty simple. I mean, these are, this is, he's got two pieces of paper to look at, right? He's got the statement that was submitted earlier, right? Which lists his, the asylum application, right? Or rather the, the, the statement. And then he's got the, whatever the form is then, 589, the, the asylum application which, which the lawyer's preparing. And as long as he's making sure that everything his client had written down before winds up in the application, then he doesn't have to worry about his client being subject to an adverse credibility determination about why did you leave this out of the I-589 that your lawyer prepared, right? I mean, isn't that it? That could be the case, Your Honor. Certainly, the judge did not go into any level of detail with this in his motion to remand. So again, we're talking here about what the board did here, whether there was a, you know, a clearly stated claim here, if the board abused its discretion in the way that it rendered its decision here in addressing the competency issue, but not rendering a separate decision on the ineffective assistance claim. In terms of these, these details we're getting to here. Sotomayor, and I don't quite have to find abusive discretion, do we? I mean, the, the board never said anything about ineffective assistance in its ruling. And so the question is whether we should remand for them to say whether they find any merit to this ineffective assistance claim. We're not necessarily saying that they abused their discretion in not finding an abuse of ineffective assistance. So the standard of review here, Your Honor, is abusive discretion. And so I believe that that would be the standard that the court would be applying. Well, failing to address an argument that's made would be abusive discretion. That's, that's the abuse, not the, not the failure to find that counsel was indeed ineffective. It's the failure to address the argument at all. That's correct, Your Honor. And our position would be that this argument was not clearly presented in this sense in Petitioner's motion to remand. If I may just briefly address the credibility issue, Your Honors, I would just very briefly note that with regard to the Gao case, about which Petitioner submitted a 20HA letter to this court, the, the Gao case is readily distinguishable from what happened here with regard to the credibility determination. Gao says that in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose. And in Gao, the court found that there was nothing particularly significant about the omissions in the petitioner's application, and noted also that friends and family members had submitted letters corroborating petitioner's claims that he had been beaten by the police in that case. Here, I think it's fair to say that the attack that was omitted from Mr. Hossain's semi-application was particularly significant. It was one of two instances in which he says he was attacked in a way that required him to receive medical treatment, and the letters that he has submitted from family members do not mention the attack or corroborate them in the way that they did in Gao. Thank you, Your Honors. Briefly, Your Honors, just with respect to the first issue of the preservation of the ineffective assistance of counsel claim, I would draw the court's attention to pages 152 to 159 of the record, and then 174 to 179 of the record, and specifically page 176, where Mr. Hossain submitted a separate statement specifically outlining the details that meet the Strickland prongs. Can I just ask, and I understand the argument it's abuse of discretion not to have addressed the ineffective assistance, and maybe that's the argument we should be focusing on here, assuming it's adequately preserved, but just on the merits of the ineffective assistance claim, it's your position that it is ineffective in the circumstances here, maybe in any circumstances, for a counsel to fail to note a discrepancy, a significant discrepancy between something like the initial credible fear interview and an asylum application, and bring that to his client's attention. Yes, sir. And that's ineffective even if the practice, and I'm going beyond the record here, I'm just exploring the merits of the ineffective assistance claim hypothetically a little bit. Would that even be the case if the practice in the law firm's office was to have the statement, make sure the statement was gone over in the native language of the asylum applicant, and make sure he or she says it's complete, everything's here? Yes, Your Honor, because the law permits an applicant to explain any discrepancy so that, in fact, it actually requires an immigration judge to consider any discrepancies also contained in 8 CFR 1003. So the failure here is to not prepare the applicant to testify to the IJ if we're persisting with the discrepancy, why the discrepancy, to bring out and direct why there's a difference in an explanation. Absolutely. Because that is a requirement that they provide an explanation. So obviously the attorney can't change any discrepancies, but the attorney needs to give the applicant an opportunity to provide an explanation to the immigration judge. In this case, potentially, it could have been medically related. And that's ---- I haven't understood that to be your argument. I mean, the whole problem here, as I understand it, is he testifies to having been beaten and stabbed in January of 2009. When he has his hearing, that's what he testifies to. He didn't mention being stabbed and beaten in January of 2009 in his affidavit. He only said that that month was when his parents' home was looted and he went into hiding. I thought it was the omission in that statement of the beating and stabbing, an that would never have happened if counsel had been competent because the credible fear interview mentions the 2009 beating and stabbing. Did I misunderstand something? I mean, you're now saying he needed to be prepared to explain the discrepancy. I thought you were saying if counsel was competent, there would never have been a discrepancy at all because he would have pointed out, hey, you know, you left out about being incompetent. I thought you were saying that the discrepancy in the year of an event from the credible fear interview in his written statement. We're trying to figure out what you think the incompetency was here, and if I understood your answer to Judge Livingston, it was not preparing him at the hearing to explain the omission from his affidavit. I had thought from your papers that the ineffectiveness was not reviewing these papers to realize that there was an omission from the January 9th document, which if he had gone over with his client, according to your client, he would have said, oh, no, no, you're right, I was stabbed and beaten there, and the affidavit would have been amended to include that so that there never would have been a discrepancy at the time of the hearing. Is that not correct? Is that not your position? That is absolutely right. Well, it can't be both. It can't be both what you've said to Judge Livingston and what you're saying to me now. So I think, at least for me, you have to make clear what your ineffective assistance claim is. Okay. Yes, Your Honor. So the ineffective assistance of counsel claim is the general issue of the prior attorney not properly reviewing the entire file, the statement. And doing what, then? And failing to understand Mr. Hossain's full claim. The fact of the matter is, is that with respect to the 2009 incident where he was beaten and stabbed, included in the submission. But if counsel had been effective, what would have been different? That's Mr. Hossain would have properly understood the contents of his written statement. The fact that Mr. Zweig, prior counsel, submitted medical evidence showing that Mr. Hossain was treated for a beating and stab wound in January of 2009, but it wasn't included in his statement, that alone is an ineffective assistance of counsel. Let me just back up there, just to follow on what I think Judge Raggi is getting at. It's one thing to say, well, the client would have understood this. But I don't think there requires — there must be one additional step in the real world for his understanding to have a consequence for the outcome of his hearing. And I think that's the question. Okay, he would have understood it better. Therefore, what would have happened? What would have happened that would have altered the IJ's factual finding regarding the adverse credibility determination? Because it seems to me that's the on-off switch for his case. So the question is, if that's prejudice, right, and by prejudice we're talking about something that would alter the outcome of the proceeding, what is it about his understanding or your client's understanding better that would have then triggered a different outcome? Your Honor, with — I would cite to page 176 of the record where Mr. Hussain explains what happened with — what transpired with prior counsel. And that is that he was not made aware of the full contents of his application, nor was he made aware of prior — I get it. So let's assume he had that conversation, he was fully aware, and he was now omniscient. Now what? He should have an opportunity to actually correct his statement prior to the hearing where he could have included that relevant event, the January 2009 beating and stabbing. So you're saying that had they just read it to him, spent more time reading it to him, then you're saying, so your client would have done something different, which is he would have spoken up and said, hey, fix my — fix my application. It was incomplete. So now all of a sudden it seems like we're saying it's not that then the lawyer would have done something different. You're saying the consequence is that had the lawyer acted more thoroughly, your client would have done something differently. Yes. That is in part, but that is not entirely. But that's a little different from saying if the lawyer had just looked on the — I was thinking it was more like, look, if the lawyer had just looked at the file and he had seen the credible fear interview, he had seen the 589, he would have said, hey, there's stuff left out and I would have fixed it. I can more easily wrap my head around that as an ineffective assistance claim because that's something the lawyer should have done, allegedly. But if your argument is more that he should have put the client into a better place where then the client's light bulb would have gone off in his head and he would have noticed things, that's a rather unusual ineffective assistance claim. I would assert, Your Honor, that it doesn't need to be in isolation, that it is a combination of all of these things that Your Honor is describing that led to the ineffective assistance of counsel, that the lawyer didn't properly review the file, that the lawyer didn't make Mr. Hussain aware of this inconsistency, the lawyer didn't make Mr. Hussain aware of the fact that his statement didn't contain information about an event that was documented in the record with medical records. All of these factors. So it is both the lawyer's failure to take these steps to fix these omissions or inconsistencies or give Mr. Hussain notification of the potential omissions and inconsistencies prior to the hearing that led to the negative credibility determination. And so you can't take all of these omissions and commissions in isolation. They have to be taken as a record as a whole. So your position now is that the ineffectiveness lay in not bringing the discrepancy to your client's attention. If your client had been shown the discrepancy and realized there's something missing from my asylum application, he would have said we need to add this and there would have been no inconsistency at the hearing, essentially. That is certainly part of our argument, but not entire. What's the other part? The other part is that the lawyer's insufficient attention paid to Mr. Hussain led to the things that followed and the two main factors that the immigration judge cited in her negative credibility determination and also certainly cannot be isolated from the competency issue. I'm sorry. Could you just be a little bit more specific when you say the things that followed? Could you just identify which things specifically? So the immigration judge relied on two bases to reach the negative credibility determination, and that was the omission of the 2009 attack from his written statement and whether or not he became the secretary of the Bangladeshi National Party in 2007 or 2008. Those were the two factors that were found to be inconsistent by the immigration judge, and because Mr. Hussain was not properly prepared by his attorney, not properly aware of what his English language statement indicated, the negative credibility determination followed. Again, to sort of I think follow on where Judge Livingston's question at least was taking me is, your causal chain is still flowing through your client, that because the lawyer was ineffective and failed to prepare your client, he failed to explain away or correct or flag certain deficiencies in his application or in his testimony. Is that the gist of it? Yes, sir. Okay. You know, at the hearing, your client testified under oath that he had reviewed the application in the attorney's office and it was true and correct. So it wasn't that he said that he didn't know what was in it or that it had only been gone over with him superficially. He actually testified that it was true and correct. Yes, Your Honor. So I'm not sure. I, too, am more perplexed by your suggestion that the problem here was that your client didn't know what was in his English language statement. The fact that he said that his application was reviewed by his attorney does not equate to the fact that he was not. And it was true and correct. He stated that at the beginning of the hearing, yes, Your Honor. But then when you get to the point of him being asked about the January 2009 incident, he indicated that he didn't realize it wasn't in his statement. Well, I don't know how to reconcile that with his testimony that it was reviewed with him and it was true and correct. I mean, I would think that if he understood it enough to say it was true and correct, he would say, well, it's true and correct, but it doesn't state that there's this time when I was beaten and stabbed. I understand Your Honor's question. And I think that's why it's important to look at the record as a whole. And what followed from that hearing, the motion to reopen, the motion to remand, which both asserted that on page 176, the separate statement for the ineffective assistance of counsel, how it was reviewed, and he believed it was true and correct at the time he made the statement at the start of the hearing because he didn't realize that it wasn't containing that information. So at the start of the hearing when he says it's true and correct, as far as he knew it contained all the information he had provided to his friend who helped him prepare the application and supposedly had been reviewed by his lawyer. Once he got to the point where he was being asked about the January 2009 incident, which was documented with medical records, at that point he no longer understood or he hadn't understood up until that point that it didn't contain information in his statement about the 2009 incident. You couple that with the fact that two months later he's hospitalized for schizophrenia and dementia and put on medication that the board didn't take into account when reviewing the ineffective assistance of counsel claim certainly warrants remand for further fact-finding. I see that I've gone way above my time, but so we'll rest on our breeze. Thank you very much, Your Honor. Thank you both. Nicely done.